IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MALCOLM HOWARD,        )
                       )
   v.                  )    No. 14 C 2860
                       )
RICK HARRINGTON        )

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Malcolm Howard's (Howard) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254. For the reasons stated below, the Petition is denied. Petitioner's motions to expand the record [21] and to exceed the page limit [22] are granted.

# BACKGROUND

After a jury trial in Illinois state court, Howard was convicted on two counts of aggravated kidnapping with a firearm, one count of aggravated kidnapping for ransom, and one count of unlawful possession of a weapon by a felon. Howard was found to have held two individuals hostage at gunpoint and demanded a ransom. Howard was sentenced to concurrent 65-year terms of imprisonment. Howard appealed his conviction and on December 23, 2010, the Illinois Appellate Court affirmed his conviction in part and remanded the case for re-sentencing. Before re-sentencing, Howard filed a petition for relief from judgment arguing that there were

1

certain irregularities in the preservation of evidence.  The petition for relief from judgments was dismissed and on December 21, 2012, that dismissal was affirmed by the Illinois Appellate Court.  The record does not reflect that Howard filed a petition for leave to appeal (PLA) on the petition for relief from judgment.

On remand, Howard was re-sentenced to concurrent 60-year terms of imprisonment.  The record does not reflect that Howard filed an appeal or filed a PLA with the Illinois Supreme Court.  Howard filed a post-conviction petition, which was dismissed.  On February 1, 2013, that dismissal was affirmed by the Illinois Appellate Court.  Howard filed a PLA for his post-conviction petition and on May 29, 2013, the PLA was denied.  On April 18, 2014, Howard filed the instant Petition.  Respondent has answered the Petition.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The decision made by a state court is deemed to be contrary to

clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

This court has liberally construed Howard's *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition [wa]s entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). Howard asserts in the Petition: (1) that the police acted in bad faith and failed to preserve evidence (Claim 1), (2) that the prosecutor "distorted the burden of proof" during closing arguments (Claim 2), and (3) that Howard received ineffective assistance of counsel on direct appeal due to the failure to raise Claims 1 and 2 on appeal (Claim 3).

I. Procedurally Defaulted Claims

Respondent argues that Claims 1 and 2 are procedurally defaulted and that there is no justification to excuse the default.

A. Procedural Default

Respondent contends that Howard failed to raise Claims 1 and 2 through one complete round of the state court appellate review process. A district court "cannot review a habeas petitioner's constitutional issue unless he has provided the state courts with an opportunity to resolve it 'by invoking one complete round of the state's established appellate review process.'" *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If a habeas petitioner failed to "properly assert[] his federal claim at each level of state court review," the petitioner is deemed to have "procedurally defaulted that claim." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008)(quoting *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004)); *see also Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009)(stating that "[t]o obtain federal habeas review, a state prisoner must first submit his claims through one full round of state-court review," and that "[t]he penalty for failing to fully and fairly present [] arguments to the state court is procedural default"). A petitioner, in exhausting his state court remedies, has "'the duty to fairly present his federal claims to the state courts.'" *Malone*, 538 F.3d at 753 (stating that fair presentment includes "'the petitioner . . . assert[ing] his federal claim through one complete round of state-court review, either on direct appeal of his

conviction or in post-conviction proceedings'")(quoting *Lewis*, 390 F.3d at 1025).

### 1. Claim 1

As indicated above, Howard asserts in Claim 1 that the police acted in bad faith and failed to preserve evidence. Specifically, Howard contends that the gun recovered by police (Gun) was not properly preserved by police and was switched with another firearm. Howard did not raise Claim 1 in his direct appeal. (R Ex. A 1-2); (R Ex. B 2). Howard raised Claim 1 in his petition for relief from judgment. (R Ex. E 10); (R Ex. F 2). However, the record does not indicate that Howard filed a PLA for such petition. Howard raised Claim 1 in his post-conviction petition. (R Ex. P 31). On the appeal from the dismissal, Howard presented an ineffective assistance of counsel claim relating to the preservation of the Gun. Howard argued on appeal that his counsel failed to effectively represent him on the Gun preservation issue, which was not the same as Claim 1. (R Ex. I 2); *see also Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004)(stating that "an assertion that one's counsel was ineffective for failing to pursue particular constitutional issues is a claim separate and independent of those issues"). In fact, the Illinois Appellate Court reviewed such appeal in the context of an ineffective assistance of counsel claim. (R Ex. H 1). Therefore, Claim 1 is procedurally defaulted. The court also notes that even if Claim 1 was not procedurally defaulted, the claim lacks any merit.

### 2. Claim 2

As indicated above, Howard asserts in Claim 2 that the prosecutor "distorted the burden of proof" during closing arguments. (Pet. 10). Specifically, Howard claims that during the rebuttal phase of the closing arguments, the prosecutor misled the jury as to the proper standard of proof. While Howard touched on facts relating to the closing argument of the prosecutor in certain filings in state court, Howard failed to raise the precise issue presented in Claim 2 in his state court proceedings. Therefore, Claim 2 is procedurally defaulted. The court also notes that even if Claim 2 was not procedurally defaulted, the claim lacks any merit.

### B. Justification to Excuse Default

Respondent also argues that there are no facts in this case that provide a justification to excuse the default of Claims 1 and 2. A procedurally defaulted claim can still be considered by a district court "if a petitioner can show cause and prejudice or a fundamental miscarriage of justice." *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)(stating that "[a] federal court on collateral review will not entertain a procedurally defaulted constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice"); *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010)(stating that a "way to avoid procedural default is to show actual innocence, that is, to show that in light of new evidence, it is more likely than not that no

reasonable juror would have found petitioner guilty beyond a reasonable doubt")(internal quotations omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010)(stating that "default could be excused if [the petitioner] can establish cause and prejudice, or establish that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice"). In the instant action, Howard has not provided facts showing that he was prevented from properly presenting Claims 1 or 2 in the state system in order to avoid the procedural default. Howard argues that he will be prejudiced, contending that he "should be free from the police tampering with evidence." (Reply 22). However, Howard has not presented facts or evidence showing that the police acted in bad faith and has already been provided an opportunity in the state court system to present this issue. Howard has not shown cause and prejudice. Nor has Howard shown actual innocence or a fundamental miscarriage of justice that would excuse the procedural default.

II. Claim 3

Respondent argues that Claim 3 lacks any merit. As indicated above, Howard asserts in Claim 3 that he received ineffective assistance of counsel on direct appeal due to the failure to raise Claims 1 and 2 on appeal. To show ineffective assistance of counsel, a petitioner must establish that: "(1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result." *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009)(citing *Strickland*, 466

7

U.S. at 687-88 (stating that a "movant must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'" and "[h]e must establish the specific acts or omissions of counsel that he believes constituted ineffective assistance; we then determine whether such acts or omissions fall outside the wide range of professionally competent assistance")(quoting in part *Strickland*, 466 U.S. at 689).

As indicated above, Claims 1 and 2 lack any merit. In regard to Claim 1, Howard has failed to point to evidence in the record that shows that there was any legitimate doubt as to the chain of custody of the Gun. There is nothing to show that any inconsistencies in police documents concerning information such as serial numbers was anything other than a ministerial error or due to the poor condition of the Gun. The Illinois Appellate Court properly rejected such argument. Howard's counsel acting in his professional discretion on strategic matters properly chose not to advance such a meritless argument relating to a hidden conspiracy against Howard.

In regard to Claim 2, Howard points to the following statement made by the prosecutor:

> Twelve different people putting together his vast conspiracy of lies against Malcolm Howard, and why? Why would all these people get together and do this? They have nothing better to do with their lives? The Chicago Police Department, the F.B.I., the Illinois State Crime Lab, the Cook County State's Attorney's Office, Phil Joseph, Jenelle Owens, none of these people, Ricardo Sosa, all these people are out to get Malcolm Howard.

(Pet. 11). Howard contends that the statement directed the "jury that they must first

find each of the twelve witnesses they presented out to be liars before finding the petitioner not guilty." (Pet. 11). However, there is no indication in the record that the prosecutor told the jury that the standard of proof was other than beyond a reasonable doubt. Nor could it be reasonably inferred from such a statement that the prosecutor was indirectly telling the jury to follow a different burden of proof. The statement reflects nothing other than a proper comment regarding the evidence and the prosecutor properly asked the jury to use its common sense and consider what is reasonable and unreasonable. Thus, Howard's counsel acting in his professional discretion properly chose not to advance such a meritless argument. Therefore, Claims 1 and 2 lack any merit. Based on the above, the Petition is denied.

Finally, the court notes that Howard filed a *pro se* motion seeking to expand the record and add an affidavit as support for the Petition. The motion is granted, but even when considering such affidavit, the resulting ruling remains unchanged.

III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve

9

encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, Howard has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has Howard shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should Howard decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted, and is denied.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: December 12, 2014